UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELLIS C. STAFFORD, | 1:06-CV-01518 JMD HC |
| Petitioner, | ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| JEANNE WOODFORD, | ORDER DIRECTING CLERK OF COURT TO ENTER JUDGMENT |
| Respondent. | ORDER DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY |

Petitioner Ellis C. Stafford ("Petitioner") is a State prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**PROCEDURAL BACKGROUND**

Petitioner is currently in the custody of the California Department of Corrections and Rehabilitation pursuant to a judgement of the Kern County Superior Court. (Pet. at 2). Petitioner was convicted of assault with a firearm (Cal. Penal Code § 245(a)(2)); knowingly permitting another to discharge a firearm from a vehicle he owned or drove (Cal. Penal Code § 12034(b)(2)); and being an ex-felon in possession of a firearm (Cal. Penal Code § 12021(a)(1)). (Answer at 1). Petitioner was further found to have committed the assault with a firearm and knowingly permitting another to discharge a firearm for the benefit of a criminal street gang (Cal. Penal Code § 186.22(b)(1)). The trial court imposed an aggregate sentence of nine years, composed of the upper term all three crimes.

(Lod. Doc. 4 at 2).

Petitioner appealed his conviction to the California Court of Appeal, Fifth Appellate District. The State appellate court affirmed Petitioner's conviction in a reasoned opinion issued on August 3, 2005. (*See* Lod. Doc. 4).

Petitioner subsequently filed a petition for review to the California Supreme Court on August 3, 2005. (Lod. Doc. 5 at 1). The California Supreme Court summarily denied the petition on November 16, 2005. (Lod. Doc. 6).

On October 27, 2007, Petitioner filed the instant federal petition for writ of habeas corpus, which sets forth six grounds for habeas corpus relief. On February 15, 2008, Respondent filed an answer to the petition.

Consent to Magistrate Judge Jurisdiction

On November 17, 2007, Petitioner consented, pursuant to Title 18 U.S.C. § 636(c)(1), to have a magistrate judge conduct all further proceedings, including entry of the final judgment. (Court Doc. 3). On February 15, 2008, Respondent also consented to the jurisdiction of a magistrate judge. (Court Doc. 8).

A consent order reassigning the case for all purposes to a magistrate judge was issued on May 1, 2008. (Court Doc. 14). On March 17, 2009, the case was reassigned to the undersigned. Petitioner is a prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**DISCUSSION**

On March 20, 2009, Respondent submitted a memorandum to the Court, informing the Court that Petitioner was incarcerated at Wasco State Prison in Wasco, California. (Court Doc. 16). Prior to March 20, 2009, Petitioner's address was listed as California Men's Colony-West in San Luis Obispo, California. (Court. Doc. 1).

The Court's order reassigning the case to the undersigned, dated March 17, 2009, was returned as undeliverable by the U.S. Postal Service on March 24, 2009. The order had been sent to Petitioner's address in San Luis Obispo.

\\\

After waiting sixty days for Petitioner to update his current address, the Court ordered the Clerk of Court to change Petitioner's address to reflect the information contained in Respondent's memorandum. The Court further ordered that the March 17, 2009 order be re-serviced to Petitioner's new address. These documents were returned to the Court as undeliverable on June 19, 2009.

On June 22, 2009, the Court ordered Petitioner to show cause within thirty days of the order why the petition should not be dismissed for failure to apprise the Court of Petitioner's current address. (Doc. 17). The order was again returned as undeliverable. More than thirty days have passed and the Court has not received a response.

Pursuant to Local Rule 83-183(b), a party appearing *in propria persona* is required to keep the court apprised of his or her current address at all times. Local Rule 83-183(b) provides, in pertinent part, that:

> If mail directed to a Petitioner *in propria persona* by the Clerk is returned by the U.S. Postal Service, and if such Petitioner fails to notify the Court and opposing parties within sixty (60) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, more than sixty days have passed since Petitioner's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the court's interest in managing the docket weigh in favor of dismissal, as this case has been pending since October 27, 2006. The court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). While a dismissal

for failure to prosecute is a dismissal on the merits, the Court finds that the public policy favoring disposition of cases on their merits (the fourth factor) is greatly outweighed by the factors in favor of dismissal discussed.  *See Plaut v. Spendthrift Farm Inc.*, 514 U.S. 211, 228 (1995) (citing Fed. R. Civ. Pro. 41(b) and *United States v. Oppenheimer*, 242 U.S. 85, 87-88 (1916) in stating that for rules of finality, a dismissal for failure to prosecute a claim is a judgement on the merits).  Furthermore, given the court's inability to communicate with Petitioner resulting from Petitioner's failure to keep the court apprised of his current address, no lesser sanction is feasible.  Accordingly, the Court DISMISSES the petition for writ of habeas corpus without prejudice.

### Certfificate of Appealability

A State prisoner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v. Cockrell*, 123 S.Ct. 1029, 1039 (2003).  The controlling statute in determining whether to issue a certificate of appealability is 28 U.S.C. § 2253, which provides that a circuit judge or judge may issue a certificate of appealability where "the applicant has made a substantial showing of the denial of a constitutional right."  Where the court denies a habeas petition, the court may only issue a certificate of appealability "if jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 123 S.Ct. at 1034; *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  While the petitioner is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith on his . . . part." *Miller-El*, 123 S.Ct. at 1040.

In the present case, the Court finds that reasonable jurists would not find the Court's determination that Petitioner is not entitled to federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.  Petitioner has not made the required substantial showing of the denial of a constitutional right.  Accordingly, the Court hereby DECLINES to issue a certificate of appealability.

### ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice;

2. The Clerk of Court is DIRECTED to enter judgment; and

3. The Court DECLINES to issue a certificate of appealability.

IT IS SO ORDERED.

**Dated:   September 2, 2009**            **/s/ John M. Dixon**
                                         UNITED STATES MAGISTRATE JUDGE